IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Ty Kempton,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**Zip Capital Group, LLC,** a Delaware company,<br><br>*Defendant.* | Case no.<br><br>**CLASS ACTION** |

# CLASS ACTION COMPLAINT

Plaintiff Ty Kempton ("Kempton" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Zip Capital Group, LLC ("Zip Capital Group" or "Defendant") to stop Zip Capital Group from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited, prerecorded calls to consumers without their consent, and to other obtain injunctive and monetary relief for all persons injured by Zip Capital Group's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Zip Capital Group is a capital advance/financing company based out of Irvine, California.[1]

2. In order to solicit business, Zip Capital Group utilizes many marketing methods including telemarketing using a prerecorded voice system.

3. In Plaintiff's case, Zip Capital Group placed 4 prerecorded calls to his cellular phone without his prior written express consent to call him.

---

[1] https://en.wikipedia.org/wiki/Power_Home_Remodeling_Group

4. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' cellular telephone numbers using a prerecorded voice.

## PARTIES

5. Plaintiff Kempton is a Gilbert, Arizona resident.

6. Defendant Zip Capital Group is a California limited liability company headquartered in Irvine, California. Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA.

8. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON ALLEGATIONS

**Zip Capital Group Markets its Services by Placing Prerecorded Calls to Consumers' Cellular Phone Numbers Without Consent**

9. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

10. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making prerecorded voice solicitation calls to cellular telephone numbers such as Plaintiff's.

11. It's not surprising to see that there are numerous complaints posted online about calls Zip Capital Group has been making to consumers and businesses, with blatant, sometimes angry references regarding the frustration consumers have felt in being unable to stop Zip Capital Group from calling. For example:

- "Keeps f****** calling my business and I was never interested in their services. I've told them many times to take me of their list and they keep calling."[4]

- "I answered one of these calls and found out that they're coming from Zip Capital Group LLC, which is surprisingly in California, not Florida. They're using a Florida phone number to cover their tracks—a sure sign of criminality… They're using an automatic telephone dialing system to call you…"[5]

- "I received 2-4 calls a day from this phone number for several days and they never left a voicemail. I finally answered the phone, and the person on the line asked for the owner of our company. I said, 'No and please remove us from your list.' He said, 'I'll do that, you f*&king bit#h'."[7]

- "Get this call at least once a day. When we answer, caller never says anything. We just hangup. Called the number back and got this number is not recognized or rings a long time and then comes up as unattainable."[8]

- "calls repeatedly"[9]

- "I just got a call from this number to my cell phone."[10]

- "Called my FAX machine 40 times since the beginning of the year. DUMB."[11]

- "Calling about my 'business' to my private cell phone."[13]
- "Calls EVERY DAY 10-20 times per day."[14]

- "Whoever they are, they mask [their] number with a non-working number."[15]

- "Over 30 Calls since the beginning of the year. They never give up. Harassment!"[16]

---

[4] https://www.facebook.com/ZipCapitalGroup/
[5] https://800notes.com/Phone.aspx/1-954-204-0916/2
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] https://whocallsme.com/Phone-Number.aspx/9495554805
[11] https://www.whitepages.com/phone/1-954-204-0916
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*

3

12. On Whitepages alone, just on one spoofed phone number that Zip Capital Group uses 954-204-0916, there are over 500 spam reports.

## PLAINTIFF'S ALLEGATIONS

### Zip Capital Group Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent

13. On October 16, 2018 at 10:13 AM, Plaintiff received a phone call to his cell phone number from Defendant using phone number 480-653-8635.  Phone number 480-653-8635 is a spoofed phone number that Defendant uses to place telemarketing calls, and when called back it is not in service.

14. On October 17, 2018 at 10:04 AM, Plaintiff received another phone call to his cell phone number from Defendant, this time using phone number 480-343-2033.  Phone number 480-343-2033 appears to be another spoofed phone number that Defendant uses to place telemarketing calls. When 480-343-2033 is dialed, it doesn't ring at all. An automated messages states, "The wireless customer you are calling is not available."

15. On October 18, 2018 at 10:57 AM, Plaintiff received a prerecorded call to his cell phone number from Defendant, again using phone number 480-653-8635. When Plaintiff answered the call, he heard a recorded voice message.

16. On October 19, 2018 at 3:52 PM, Plaintiff received a second prerecorded call to his cell phone number from Defendant, this time using phone number 480-462-5153. When Plaintiff answered the call, he heard the same prerecorded voice message he had heard the previous day. When he finally got through to a live agent, Plaintiff confirmed that the telemarketer is Zip Capital Group and was given the callback phone number 949-396-1159.

17. 949-396-1159 is a phone number that when dialed leads directly to an automated system identifying its owner as Zip Capital Group. On WhitePages Premium, 949-396-1159 is listed as being "Zcg Direct" which stands for Zip Capital Group.



[17]

18. Plaintiff has never had a relationship with Zip Capital Group and has never consented to any contact from Defendant. Simply put, Zip Capital Group did not obtain Plaintiff's prior express written consent to place prerecorded solicitation telephone calls to him on his cell phone number.

19. The unauthorized telephone calls made by Zip Capital Group, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Kempton's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

20. Seeking redress for these injuries, Kempton, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits prerecorded telephone calls to cellular telephones.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Prerecorded Voice Solicitation Calls Made by Zip Capital Group**

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following class:

---

[17] https://premium.whitepages.com/phone/1-949-396-1159

**Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a prerecorded message, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims it obtained prior express written consent to call in the same way it claims it obtained prior express written consent to call Plaintiff, or for whom it does not claim it obtained prior express written consent to call.

22. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

23. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

24. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant placed solicitation telephone calls to Plaintiff and members of the Class using a prerecorded voice;

   (b) whether Defendant placed prerecorded voice solicitation calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (c) whether Defendant's conduct constitutes a violation of the TCPA; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

6

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

26. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

27. Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint and incorporates them by reference.

28. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

29. These prerecorded voice calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the Prerecorded No Consent Class.

30. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kempton, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class, together with costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**TY KEMPTON**, individually and on behalf of those similarly situated individuals

Dated: March 4, 2019

/s/ *Nathan Brown*
Nathan Brown
Telephone: (602) 529-3474
Nathan.Brown@BrownPatentLaw.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.

201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

**Pro Hac Vice motion forthcoming*